IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| A.M. COHRON & SON, INC., **Plaintiff,** vs. CITY OF COLUMBUS, NEBRASKA, **Defendant.** | **4:21CV3066** **MEMORANDUM AND ORDER** |

This matter is before the court on Defendant City of Columbus' ("the City") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The City asserts the complaint fails to state a claim upon which relief can be granted because Plaintiff A.M. Cohron & Son, Inc. ("AMC") failed to perform the conditions precedent required under Neb. Rev. Stat. § 16-726 and its complaint for breach of contract is time-barred. AMC requests oral argument because the parties disagree as to which statutes apply. For the reasons stated below, the motion to dismiss will be granted (Filing No. 10), and the motion for hearing (Filing No. 15) will be denied.

STATEMENT OF FACTS

Plaintiff AMC's complaint alleges:

AMC, an Iowa Corporation and the City, a political subdivision of the State of Nebraska, entered into a construction contract for a project in Platte County, Nebraska in December 2016. (Filing No. 1 at CM/ECF pp. 1-2). The project involved construction of grade-separated crossings of the Union Pacific Railroad Corridor at two locations in the city; one was a pedestrian overpass, the other a vehicular viaduct. (Filing No. 1 at CM/ECF p. 5). During its work on the viaduct,

AMC encountered issues with rebar clearance and was unable to achieve the clearance specified in the contract. AMC consulted with the Project Engineer and ultimately performed "extra work" to pour the bridge deck thicker than the contract specifications. ([Filing No. 1 at CM/ECF pp. 5-6](#)). AMC submitted a change order request to the Project Engineer on or about May 22, 2018. The Project Engineer denied AMC's change order request on or about June 4, 2018, and the City did not pay additional compensation or extend the time allotted under the contract for completion of the project. ([Filing No. 1 at CM/ECF p. 6](#)). AMC alleges it is entitled to additional time and compensation for the "clearance issues" it encountered.

Under the contract, the project was to be completed within 587 calendar days, with terms allowing liquidated damages if AMC failed to complete the project within the specified time frame. ([Filing No. 1 at CM/ECF p. 6](#)). The City assessed $394,179.00 in liquidated damages against AMC because of the delayed completion of the project. AMC asserts the City's damages are significantly less than the liquidated damages assessed. ([Filing No. 1 at CM/ECF p. 8](#)). AMC alleges that as a direct and proximate cause of the City's breaches of the Contract, AMC has been damaged in an amount exceeding $456,762.45. ([Filing No. 1 at CM/ECF p. 9](#)).

The project was a federal-aid project. The Nebraska Department of Roads ("NDOR") made payments to AMC on behalf of the City, and NDOR delegated to the City as Local Public Agency Owner under [23 CFR 635.105](#). ([Filing No. 1 at CM/ECF p. 2](#)) AMC filed this action on March 18, 2021, alleging the City breached its contract by: (a) failing to provide AMC with additional time and compensation as a result of the clearance issues it encountered on the Project; (b) failing to grant a time extension for delays caused by conditions beyond AMC's control; and, (c) withholding sums owed to AMC as a result of an unenforceable liquidated damages provision. ([Filing No. 1 at CM/ECF p. 9](#)).

STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but it demands more than an unadorned accusation. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The standard requires a complaint to contain sufficient factual matter which, accepted as true, states a claim for relief that is plausible on its face. Ashcroft, 556 U.S. at 678; Corrado v. Life Inv'rs Ins. Co. of Am., 804 F.3d 915, 917 (8th Cir. 2015) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Generally, a motion to dismiss may be granted when a claim is barred under a statute of limitations. Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir.2004). If a defendant raises a statute of limitations defense and the face of the complaint indicates that the limitations period has expired, the plaintiff can survive a 12(b)(6) motion to dismiss only upon a showing that the statute of limitations was tolled. Schmidt v. Newland, 927 F.3d 1038, 1041 (8th Cir. 2019).

ANALYSIS

A. Applicable Nebraska Statute: Neb. Rev. Stat. § 45-1210 or Neb. Rev. Stat. § 16-726.

At the core of this motion, the parties disagree as to which statute provides the appropriate means for seeking recovery of contractual damages from the City. AMC argues that Neb. Rev. Stat. § 45-1210 (the Nebraska Construction Prompt Pay Act ("NCPPA")) controls; the City argues Neb. Rev. Stat. § 16-726 controls. Ultimately, I find the conditions precedent of § 16-726 govern this action and AMC's complaint must be dismissed.

Statutes in existence at the time of executing a contract generally become part of the contract. Travelers Indem. Co. v. Int'l Nutrition, Inc., 734 N.W.2d 719, 727 (Neb. 2007); see In re Estate of Peterson, 381 N.W.2d 109 (Neb. 1986). Statutory interpretation is a question of law. Loves v. World Ins. Co., 758 N.W.2d 640, 643 (Neb. 2008). Clyde Bergemann Power Grp. Americas, Inc. v. City of Fremont, Nebraska, No. 8:15CV321, 2017 WL 11485731, at *3 (D. Neb. Apr. 24, 2017).

Prior to enacting the NCPPA, Neb. Rev. Stat. § 16-726 governed claims and accounts payable for cities of the first class. It required "as a condition precedent to maintaining an action against a city of the first class, that 'the claimant . . . file such claim within ninety days of the accrual of the claim in the office of the city clerk.'" Centric Jones v. City of Kearney, Neb., 324 F.3d 646, 949 (8th Cir. 2003)(quoting Neb. Rev. Stat. § 16-726). The provision "function[ed] as a statute of limitations, resulting in the time bar of suits not filed within the requisite ninety days." Id. The filing requirement constitutes a "procedural precedent to the commencement of a judicial action." Bergemann at 3, citing Niemoller v. City of Papillion, 752 N.W.2d 132, 136 (Neb. 2008). The requirements of Neb. Rev. Stat. § 16-726 are not met when the notice of claim is filed only with someone who is not authorized to receive the claim.[1] Bros v. Kimball Cty. Hosp., 857 N.W.2d 789, 802 (Neb. 2015).

The NCPPA was enacted in 2010 and dictates certain payment terms when construction work is performed in accordance with the provisions of a contract. AMC asserts the NCPPA, not Neb. Rev. Stat. § 16-726, governs this case "*because the contract was for a construction project.*" (Filing No. 14 at CM/ECF p. 6) (emphasis in original). Specifically, AMC argues Neb. Rev. Stat. § 45-1210

---

[1] The claim in Bros involved the filing requirement of the Political Subdivisions Tort Claims Act, which this court has found to be analogous to the filing requirement imposed by § 16-726. See Bergemann at 3.

4

applies as it sets forth the form of a claim for liquidated or unliquidated damages against a political subdivision arising from construction performed for such subdivision. Section 45-1210(5) states "Notwithstanding any other provision of law in Chapters 13, 14, 15, 16, 17, and 23, claims against a political subdivision of this state arising from construction performed for such political subdivision shall be governed by this section."

The City asserts the NCPPA is inapplicable because AMC is not a 'contractor' as defined by the NCPPA. [Neb. Rev. Stat](). [§ 45-1202]() defines a "contractor" to include "individuals, firms, partnerships, limited liability companies, corporations, or other associations of persons engaged in the business of construction . . . of roads, bridges, viaducts, sewers . . ." but it specifically excludes from the definition "an individual or an entity performing work on a contract for the State of Nebraska or performing work on a federal-aid or state-aid project of a political subdivision in which the state makes payments to the contractor on behalf of the political subdivision." [Neb. Rev. Stat](). [§ 45-1202(1)]().

The NCPPA, enacted in 2010, was amended by LB 961 in 2014. The 2014 amendment, effective July 18, 2014, added the clause excluding public works contractors and subcontractors from coverage under the bill.[2] The complaint alleges the contract at issue in this case, entered into after the July 2014 amendments to the NCPPA, specifically states that the construction project was "a federal-aid project of a political subdivision in which the Nebraska Department of Roads ('NDOR') made payments to AMC on behalf of the City." ([Filing No. 1 at CM/ECF p. 2]()).

---

[2] Section 5 of the bill amended § 45-1202 of the Revised Statutes of Nebraska, the "Nebraska Construction Prompt Pay Act," to redefine the terms "contractor" and subcontractor. "Contractor" excludes individuals or entities working on state or federal public projects. "Subcontractor" is also defined to exclude those working on state or federal public projects. The new law defined "substantially complete" to mean when the project, or designated portion thereof, is sufficiently complete in accordance with the contract so that the owner can occupy or utilize the project for its intended use. 38 No. 19 Construction Contracts Law Report NL 11.

Applying the definition of a contractor in the NCPPA as of the date when the City/AMC contract was signed, AMC is not considered a contractor under the NCPPA. Despite the potential inconsistency of 45-1210(5) ("notwithstanding any other provision of law in Chapters 13,14, 15, 16, 17, and 23, claims against a political subdivision of this state arising from construction performed for such political subdivision shall be governed by this section."), the clear legislative intent of the 2014 amendment to the terms of the NCPPA is to exclude federal and state aid projects from this act. Thus, the contract between AMC and the City is outside the scope of the NCPPA, § 45-1210.[3] Instead, § 16-726 is the applicable statute.

B.   Plaintiff's claim under Neb. Rev. Stat. § 16-726.

Under Neb. Rev. Stat. § 16-726, any claim for liquidated and unliquidated claims and accounts payable against a city of the first class[4] must: 1) "be presented

---

[3] Even assuming the NCPPA applied, Plaintiff's complaint would be dismissed for three reasons:

   1)   Plaintiff did not make a claim to the City Clerk. Neb. Rev. Stat. § 45-1210(2) states that if the contract does not provide the name and location of the office in which a claim may be filed, claims against a city of the first class "shall be filed" in writing with the appropriate city clerk. Here, AMC states it complied with §45-1210(2) by submitting its claim to the Project Engineer rather than the City Clerk, arguing the Project Engineer was designated in the contract as the person to whom claims should be made. But the complaint does not state that the Project Engineer was designated to accept claims under the contract, and the Plaintiff has not provided a copy of the contract for reference. Rather, it states "The Contract Documents pertaining to liquidated damages do not refer to, or otherwise reference, a 'claim' generally or the contractor's right to assert a 'claim' against the City related to liquidated damages." (Filing No. 1, at CM/ECF p. 5). Under the facts alleged, Plaintiff was required to submit the claim for additional time and compensation to the City Clerk, not the Project Engineer.

   2)   Plaintiff did not timely file its lawsuit after any claim made was denied. Neb. Rev. Stat. § 45-1210(4) states an action must "be brought within two years after the denial of the claim or the date upon which the claim is deemed to be denied," Even assuming the Project Engineer was designated to accept AMC's claim, the claim was denied on Jun 4, 2018, and AMC's complaint was filed in this court more than 2 years later, on March 18, 2021.

   3)   AMC's lawsuit was filed in the wrong court. Any suit under the NCPPA "shall be commenced in the district court of the county in which the construction project at issue was located." Neb. Rev. Stat. Ann. § 45-1210. Contrary to this mandate, AMC filed this action in the United States District Court for the District of Nebraska, rather than the District Court for Platte County.

[4] Columbus is a city of the first class. See Neb. Rev. Stat. § 16-101, see also Francis v. City of Columbus, 676 N.W.2d 346 (2004) (identifying Columbus as a city of the first class).

6

in writing;" 2) "state the name and address of the claimant and the amount of the claim;" and 3) "fully and accurately identify the items or services for which payment is claimed or the time, place, nature, and circumstances giving rise to the claim." Neb. Rev. Stat. § 16-726. "As a condition precedent to maintaining an action for a claim, other than a tort claim as defined in section 13-903, the claimant shall file such claim within ninety days of the accrual of the claim in the office of the city clerk. Neb. Rev. Stat. § 16-726.

Here, AMC's complaint does not allege that it timely filed a claim with the City Clerk in compliance with the § 16-726. Any correspondence in writing stating the name of the claimant, the amount of the claim, and identifying the additional services for which AMC expected payment was sent to the Project Engineer, who is not alleged to be the City Clerk. For these reasons, AMC has not pled sufficient facts to show it has met conditions precedent to maintaining this action or facts sufficient to show that its claim is not time-barred.

In opposition to the City's motion to dismiss, AMC argues that the City does not have a right to assess liquidated damages because it would qualify as an illegal penalty. AMC's brief contains an analysis of liquidated damages and what limited damages may have been appropriate under the circumstances. But the briefing fails to explain how the entirety of the claim is not defeated by the statute of limitations. AMC simply asserts, without support, that a request for a determination that liquidated damages were improperly assessed "cannot be a time-barred claim." (Filing No. 14 at CM/ECF p. 8).

AMC's complaint for breach of contract does not request declaratory relief, or "a determination that the liquidated damages were improperly assessed." Rather, it asserts that the City withheld sums from AMC and "as a result of an unenforceable liquidated damages provision, the City breached the contract."

7

([Filing No. 1 at CM/ECF p. 9](#)). AMC's complaint is an action brought to recover compensation it believes it is entitled to under the contract, including sums it alleges were improperly withheld.

> The Nebraska Supreme Court has stated:
>
> Generally, a cause of action accrues and the period of limitations begins to run upon the violation of a legal right, that is, when the aggrieved party has the right to institute and maintain suit. [Snyder v. EMCASCO Ins. Co.](#), 259 Neb. 621, 611 N.W.2d 409 (2000); [Reinke Mfg. Co. v. Hayes](#), 256 Neb. 442, 590 N.W.2d 380 (1999). A cause of action in contract accrues at the time of breach or the failure to do the thing agreed to. [Snyder v. EMCASCO Ins. Co.](#), supra; [Hoeft v. Five Points Bank](#), 248 Neb. 772, 539 N.W.2d 637 (1995). This is so even though the nature and extent of damages may not be known. [Cavanaugh v. City of Omaha](#), 254 Neb. 897, 580 N.W.2d 541 (1998); [L.J. Vontz Constr. Co. v. Department of Roads](#), 232 Neb. 241, 440 N.W.2d 664 (1989).

[Irving F. Jensen Co. v. State, Dep't of Roads,](#) 272 Neb. 162, 167, 719 N.W.2d 716, 720 (2006).

In Jensen, the Nebraska Supreme Court stated that regardless of whether the Department of Roads breached the contract by refusing to modify the contractual obligations or expressly authorize extra work, the failure to pay Jensen for the extra work performed would, "if proved, constitute a separate and distinct breach of contract that did not accrue until the DOR refused Jensen's claim for extra compensation." Applying that logic, and the provisions of § 16-726, AMC's claim against the City would have accrued at the time the City denied the request for additional compensation for extra work and/or when the City assessed liquidated damages.

The complaint alleges the project was open to the public as of February 7, 2019, "but the engineer did not stop charging days until April 29, 2019." ([Filing No.

1 at CM/ECF p. 7). Even if AMC's claim for breach of contract (due to the City charging unwarranted or "unenforceable penalties") accrued as late as April 29, 2019, there is no allegation that any claim was made to the office of the city clerk within 90 days, or at all.

When this action was filed in March 2021, there was no allegation that AMC had satisfied the conditions precedent by filing a claim within 90 days of the accrual of the action in the office of the city clerk. Thus, AMC's claim for breach of contract is time-barred and will be dismissed.[5]

For all the foregoing reasons,

IT IS ORDERED:

1) Defendant's motion to dismiss (Filing No. 10) is granted.
2) Plaintiff's motion for hearing (Filing No. 15) is denied.
3) A separate judgment of dismissal, with prejudice, will be entered.

Dated this 7th day of July, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[5] AMC has not requested leave to amend, and it has not argued that facts exist which, if alleged, could render its lawsuit timely and in compliance with conditions precedent outlined in Neb. Rev. Stat. § 16-726. It therefore appears there are no facts which could render AMC's claim potentially actionable. As such, the court will not grant leave to amend and will instead dismiss the case.